**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MARCUS CUNNINGHAM**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 3046 |
| ) | |
| **CITY OF CHICAGO**, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

On April 28, 2014 pro se plaintiff Marcus Cunningham ("Cunningham") filed a self-prepared Verified Complaint ("Complaint") invoking 42 U.S.C. § 1983[1] and adding a charge that he labeled "negligent to stop a conspiracy," as to which he cited Sections 1985 and 1986. This Court promptly (1) reviewed Cunningham's Complaint and his accompanying In Forma Pauperis Application ("Application"), (2) had the Marshals Service ("Service") directed to serve process (more on this subject later) and (3) set an initial status hearing date.

This memorandum order expresses no view as to the substance of Cunningham's Complaint, which seeks the modest relief of $1 million in compensatory damages and $1 million in punitive damages.[2] It addresses only Cunningham's new filing labeled "Motion for

---

[1] All further references to Title 42's provisions will simply take the form "Section --," omitting the prefatory "42 U.S.C."

[2] As an exception to what has just been said in the text, this Court finds Complaint ¶ 7 troubling -- that paragraph charges that the state judge assigned to the case in which criminal charges were brought against Cunningham "conspired" with the police against him. Even apart from the traditional absolute immunity that insulates a judge from claims as to his or her discharge of judicial duties (and it should be noted that Cunningham has not named the judge as a defendant here), even pro se litigants should be more careful about leveling such a scurrilous charge against a judicial officer.

appointment of consel[sic] under federal rules of civil procedure: rule 11 Trial Bar Obligation."
That reference to Fed. R. Civ. P. 11 is mysterious, for nothing in that Rule speaks at all to the subject of appointment of counsel. More importantly, Cunningham has made no showing of the type required by our Court of Appeals before any request for a designation of pro bono counsel can be honored -- on that score this Court is transmitting to Cunningham, together with a copy of this memorandum order, copies of the form that he must fill out and submit to enable this Court to consider his request.[3]

Because the case docket does not reflect the service of process on, or the appearance of, any of Cunningham's named defendants, this Court is also transmitting to him the documents that he needs to complete and submit in accordance with the protocol that has recently been established by the Service. To that end this Court directs the Clerk of Court to issue summonses for service of the Complaint on defendants and appoints the Service to carry out that function. Cunningham is notified that a completed USM-85 (Marshals Service Form) is required for each named defendant and that the Service will not attempt to make the service unless and until those required forms are received. Accordingly Cunningham must complete a service form for each defendant and return those forms to the Clerk of Court within 35 days of the date of this order. Failure to return the USM-285 form by that date may result in dismissal of the case for failure to prosecute. Before attempting personal service the Service is authorized to send a request for

---

[3] As the form reflects, it is essential that any applicant for pro bono representation must make and describe any efforts that the applicant has made on his or her own to get counsel (on a contingent fee or any other basis) -- our Court of Appeals has established that as a precondition.

- 2 -

waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2).

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: June 25, 2014