# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MARCUS CUNNINGHAM**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 3046 |
| ) | |
| **CITY OF CHICAGO**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

By way of a preliminary background on this case, this Court can do no better than to repeat the first paragraph of its June 25, 2014 memorandum order ("Order I"):

> On April 28, 2014 pro se plaintiff Marcus Cunningham ("Cunningham") filed a self-prepared Verified Complaint ("Complaint") invoking 42 U.S.C. § 1983 and adding a charge that he labeled "negligent to stop a conspiracy," as to which he cited Sections 1985 and 1986. This Court promptly (1) reviewed Cunningham's Complaint and his accompanying In Forma Pauperis Application ("Application"), (2) had the Marshals Service ("Service") directed to serve process (more on this subject later) and (3) set an initial status hearing date.

Because Cunningham was not in custody, although he was facing criminal charges whose outcome could impact on his civil case, the special provisions of 28 U.S.C. § 1915 applicable to prisoner plaintiffs did not apply to him, so that this Court had earlier granted the Application.

As Order I went on to state, Cunningham's then-just-filed "Motion for appointment of consel [sic] under federal rules of civil procedure: rule 11 Trial Bar Obligation" was flawed because Cunningham had "made no showing of the type required by our Court of Appeals before any request for designation of pro bono counsel can be honored." This Court therefore sent Cunningham copies of the form that had to be filled out for that purpose.

When Cunningham then filled out and sent back those forms, this Court issued an August 27, 2014 memorandum order ("Order II") that found his filing insufficient, particularly because the fact that he was not in custody provided him "the opportunity to exercise reasonable efforts to obtain counsel on his own." Hence the motion for counsel was denied without prejudice.

Thereafter defendants -- the City of Chicago and its Police Officer Markee Cooper -- filed a responsive pleading, coupled with a motion to stay proceedings in this action pending the outcome of Cunningham's underlying criminal proceedings. That motion was granted, and the case has lain fallow since then because of extended delays in setting the criminal case for trial.

At long last the trial was held earlier this month and resulted in Cunningham's acquittal, so that during the status hearing that had previously been set for June 22, 2016 this Court advised Cunningham and defense counsel that if Cunningham would provide an appropriate updated Motion for Attorney Representation this Court would grant it. In that way everyone involved -- Cunningham, the defendants and this Court -- would be better served in moving the case forward substantively.

Cunningham has now tendered such a completed motion, which this Court grants, and this member of the District Court trial bar is designated to serve as Cunningham's counsel:

> Darlene Redmond, Esq.
> 2901 South.King Drive
> Suite 614
> Chicago, Illinois  60616
> Phone:  312-567-9102
> E-mail:  redmond.d.@sbcglobal.net.

At the June 22 status hearing this Court also set a next status hearing date of July 18, 2016 at 9 a.m., at which time attorney Redmond and defense counsel are expected to appear.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 24, 2016